# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br><br>JOSHUA THOMAS MINEER. | No. 50469-3-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Joshua Mineer seeks relief from personal restraint resulting from his 2003 conviction for first degree child molestation. He argues, and the State concedes, that the trial court erred in imposing an indeterminate sentence for his conviction. We agree.

Former RCW 9.94A.712 (2001)[1] provided that a person convicted of first degree child molestation must be given an indeterminate sentence with a minimum and maximum term. Under this statute, the trial court imposed on Mineer an indeterminate sentence of 80 months to life.

However, Mineer was 17 years old when he committed his crime. Former RCW 9.94A.712(2) provided,

> An offender convicted of rape of a child in the first or second degree or child molestation in the first degree who was seventeen years of age or younger at the time of the offense shall not be sentenced under this section.

---

[1] Former RCW 9.94A.712 is now codified at RCW 9.94A.507.

No. 50469-3-II

The Supreme Court confirmed in *State v. Buckman* that the current version of former RCW 9.94A.712(2) applies to an offender who was 17 years old at the time of his offense and does not allow imposition of an indeterminate sentence. 190 Wn.2d 51, 54-55, 409 P.3d 193 (2018).

The State concedes that the trial court erred in imposing an indeterminate sentence and that Mineer is entitled to be resentenced to a determinate sentence. The State also concedes that Mineer's personal restraint petition is not subject to RCW 10.73.090's time bar because his judgment and sentence is facially invalid. We accept the State's concessions.

We grant Mineer's petition, vacate his judgment and sentence, and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.


We concur:

_____
MELNICK, J.

_____
SUTTON, J.

2